IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mayron R. Gilree, ) | C/A No. 0:14-3686-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Ceilia Reynolds, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    The petitioner, Mayron R. Gilree, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Gilree filed a response in opposition. (ECF No. 19.) Pursuant to the court's order issued March 2, 2015, the respondent supplemented the record. (ECF No. 24.) Having carefully considered the parties' submissions and the record in this case, the court finds that Gilree's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

### BACKGROUND

    Gilree was indicted in July 2009 in Spartanburg County for murder and possession of a weapon during commission of a violent crime (09-GS-42-4013). (App. at 79-80, ECF No. 16-1 at 81-82.) Gilree was represented by Andrea Price, Esquire, and on April 30, 2010, pleaded guilty to

voluntary manslaughter. (App. at 81, ECF No. 16-1 at 14.) The circuit court sentenced Gilree to twenty years' imprisonment. (App. at 22, ECF No. 16-1 at 24.)

Counsel for Gilree timely filed a notice of appeal pursuant to Weathers v. State[1] and State v. Thrift.[2] (App. at 24-26, ECF No. 16-1 at 26-28.) On July 16, 2010, the South Carolina Court of Appeals filed an order dismissing Gilree's appeal pursuant to South Carolina Appellate Court Rule 203(d)(1)(B)(iv). (App. at 27, ECF No. 16-1 at 29.) Gilree did not file a petition for rehearing. The remittitur was issued on August 5, 2010. (App. at 28, ECF No. 16-1 at 30.)

Gilree filed a *pro se* application for post-conviction relief on January 20, 2011 ("2011 PCR"). (Gilree v. State of South Carolina, 11-CP-421-240, App. at 29-35, ECF No. 16-1 at 31-37.) On January 30, 2012, the PCR court held an evidentiary hearing at which Gilree appeared and testified and was represented by Stephen C. Wofford, Esquire. By order filed March 29, 2012, the PCR court denied and dismissed Gilree's PCR application with prejudice. (App. at 72-78, ECF No. 16-1 at 74-80.)

---

[1] Weathers v. State, 459 S.E.2d 838 (S.C. 1995) (finding that a defendant's inquiry regarding his right to a direct appeal from his guilty plea constituted an "extraordinary circumstance" requiring counsel to inform the defendant of his appellate rights).

[2] State v. Thrift, 661 S.E.2d 373 (S.C. 2008) (noting that, absent a sufficient written showing of an appealable issue, an appeal from a guilty plea is subject to dismissal pursuant to Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules).



Gilree, represented by Appellate Defender Dayne C. Phillips, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson[3] petition for a writ of certiorari on December 10, 2012. (ECF No. 16-4.) On February 21, 2013, the South Carolina Supreme Court denied Gilree's petition for a writ of certiorari. (ECF No. 16-5.) The remittitur was issued March 12, 2013. (ECF No. 16-6.)

Gilree filed additional *pro se* applications for post-conviction relief on May 7, 2013 and November 21, 2013. (Gilree v. State of South Carolina, 13-CP-42-2072, ECF No. 167; Gilree v. State of South Carolina, 13-CP-42-4715, ECF No. 16-8.) The State filed a return and motion to dismiss. (ECF No. 16-9.) The PCR court entered a conditional order of dismissal on March 12, 2014 in which it provisionally denied and dismissed Gilree's May 2013 PCR application as successive to his prior PCR application and as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 16-12.) Gilree filed a *pro se* response to the conditional order of dismissal. (ECF No. 16-11.) The PCR court issued an order of merger on July 28, 2014 consolidating Gilree's May 2013 and November 2013 PCR applications and directing that Gilree's November 2013 PCR application would be considered as an amendment to his May 2013 PCR application. (ECF No. 16-13.) A final order was filed on March 3, 2015 which denied and dismissed with prejudice Gilree's May 2013 PCR application for the reasons stated in the conditional order of dismissal. (ECF No. 24-1.)

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



Gilree filed the instant Petition for a writ of habeas corpus on September 16, 2014.[4] (ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere

---

[4] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Gilree's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Because Gilree filed a direct appeal, his conviction became final on August 2, 2010[5]—the expiration of the time in which Gilree could have timely filed a petition for rehearing with the South Carolina Court of

---

[5] Fifteen days from the filing of the South Carolina Court of Appeals's Order was July 31, 2010—a Saturday; therefore, Gilree had until the following Monday, August 2, 2010 to file his petition for rehearing. See Rule 263(a), SCACR.



Appeals.⁶  See Rule 221(a), SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Gonzalez, 132 S. Ct. at 653-54 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Accordingly, the limitations period began to run on August 3, 2010, and expired August 2, 2011, unless the period was at any time tolled for any properly filed state PCR application.  28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Gilree filed his first PCR application on January 20, 2011.  At that point, 170 days of non-tolled time had accrued since the period of limitations began to run.  The period of limitations was tolled during the pendency of the PCR action until March 12, 2013, when the South Carolina Supreme Court issued the remittitur from its order denying Gilree's petition for a writ of certiorari.⁷

---

⁶ Because Gilree did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court.  Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

⁷ Although the respondent included a calculation of Gilree's PCR action tolling the statutory deadline until the denial of certiorari on February 21, 2013, (see Respt.'s Mem. Supp. Summ. J., ECF No. 16 at 10), the court has used the date that the remittitur was issued out of an abundance of caution. See Gonzalez, 132 S. Ct. at 654 n.10 (distinguishing between the provisions of § 2244(d)(2) and (d)(1)).



At this time, Gilree had 195 days of statutory time remaining, which means that Gilree had until September 23, 2013 to file a timely federal habeas corpus petition.

Gilree filed a second PCR application on May 7, 2013. However, this application did not toll the statute of limitations for the instant federal Petition because the PCR court dismissed it as untimely. See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Gilree's statutory deadline expired on September 23, 2013.

Gilree's federal Petition was filed on September 16, 2014—over eleven months after the expiration of the statute of limitations.

**C.     Gilree's Response**

In his opposition memorandum to the respondent's motion, Gilree primarily presents arguments pertaining to the merits of his Petition. Gilree fails to advance any argument or authority refuting the respondent's evidence regarding the untimeliness of his Petition and has not established grounds for equitable tolling. See Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

**RECOMMENDATION**

Based upon the foregoing, the court finds that Gilree's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 15) be granted and Gilree's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 14, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).