IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mayron R. Gilree, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:14-cv-3686-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Ceilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 27). The Court hereby adopts the Report and Recommendation, grants Respondent's Motion to for Summary Judgment (Dkt. No. 15), and dismisses the petition.

Mayron Gilree is a state prisoner who filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued a *Roseboro* order advising Petitioner of the motion for summary judgment and dismissal procedures, and Petitioner filed a response. (Dkt. No. 19). The Magistrate judge then issued the R&R, recommending that the Respondent's motion be granted, on April 14, 2015. Upon the issuance of the R&R, Petitioner was advised that any written objections to the R&R must be made within 14 days of service, and that in the absence of timely written objections this Court would provide limited "clear error" review and Plaintiff would waive his right to appeal the judgment of the District Court. (Dkt. No. 27). Neither party filed an objection to the R&R. The Court has reviewed the R&R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the action should be dismissed, since, having lost the opportunity to earn good

credit for the relevant time period due to a prior violation, the infraction complained of had no effect on Petitioner's incarceration. Therefore, the Court hereby **ADOPTS** the R&R as the order of this Court, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 7, 2015
Charleston, South Carolina

2